IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ROBERT MYERS,<br><br>    Plaintiff,<br><br> vs.<br><br>SHAUN R. THOMPSON (in his personal capacity), JON G. MOOG (in his personal capacity), MITCHELL D. HILL (in his personal capacity), JEFFREY H. LANGTON, HEATHER L. McGUYER (a/k/a Heather L. Portner and Heather Warila Portner), AMY SCOTT SMITH, and DOES 1-10,<br><br>    Defendants. | CV 17-157-M-DLC-JCL<br><br>ORDER |

   Before the Court is Defendants Shaun Thompson, Jon Moog, Mitch Hill, Amy Scott Smith, and Heather McGuyer's motion for an award of attorney's fees incurred defending this action. For the reasons discussed, the Court deems it appropriate to grant the motion.

**I. Background**

   The parties are familiar with the extensive details of this case. Thus, for purposes of addressing the pending motion for attorney's fees the Court will present only a general summary of the subject of, and proceedings in this action.

1

Myers, appearing pro se, commenced this action stemming from events that occurred in his practice of law as an attorney in Montana, and during a campaign season in which he campaigned for election as a state district court judge in Ravalli County, Montana. During the campaign Myers accused the incumbent district judge, Defendant Jeffrey Langton, of multiple incidents of misconduct.

Ultimately, as a result of Myers' various activities, the Montana Office of Disciplinary Counsel filed multiple complaints against Myers. Specifically, the complaints were based upon Myers' conduct as an attorney appearing before Langton, and based upon accusations Langton made against Myers for fabricating misinformation about Langton. The various complaints asserted Myers violated provisions of the Montana Rules of Professional Conduct and the Montana Code of Judicial Conduct.

The Defendants identified in this civil action were each involved with the prosecution of complaints filed against Myers with the Office of Disciplinary Counsel. Shaun Thompson served as the Chief Disciplinary Counsel, Jon Moog served as the Deputy Disciplinary Counsel, and Mitchell Hill served as an investigator, all of whom served in the Montana Office of Disciplinary Counsel. Heather McGuyer and Amy Scott Smith were witnesses who the Office of Disciplinary Counsel used in support of its complaints and prosecutions against Myers.

As a result of the multiple misconduct prosecutions against Myers pursued by the Office of Disciplinary Counsel, the Montana Commission on Practice recommended that Myers be disbarred from the practice of law. In 2017 the Montana Supreme Court adopted the recommendation and disbarred Myers.

In this civil action Myers alleged that Thompson, Moog, Hill, McGuyer and Smith conspired to deliberately fabricate false evidence and testimony against Myers. And Defendants allegedly used that information during the Office of Disciplinary Counsel's prosecution of Myers, and presented the information to the Montana Commission on Practice.

Additionally, Myers alleged Thompson, Moog, Hill, and McGuyer retaliated against him for the exercise of his free speech rights to publish his accusations against Langton during the campaign. Specifically, Myers' alleged that Defendants' conduct in prosecuting the complaints filed by the Office of Disciplinary Counsel constituted acts of retaliation against him, all in violation of his rights under the First Amendment to the United States Constitution.

On April 25, 2018, Defendants Thompson, Moog, Hill, Smith and McGuyer moved for summary judgment dismissing Myers' claims against them. Myers did not file a brief in response to Defendant's summary judgment motion.

On December 13, 2018, the District Court entered its order granting Defendants' summary judgment motion. The Court concluded that Myers'

retaliation claims were barred by the doctrine of collateral estoppel. (Doc. 43 at 24-25; Doc. 47 at 27-28.) Additionally, the Court concluded Defendants established the absence of a genuine issue of material fact as to the merits of Myers' conspiracy claims, and that Myers failed to submit any evidentiary material to raise a genuine issue of material fact in support of his conspiracy claims. Therefore, the Court dismissed the conspiracy claims. (Doc. 43 at 25-26; Doc. 47 at 28-29.) Finally, the Court concluded Defendants Moog, McGuyer and Smith were also cloaked with immunity from liability on the conspiracy claims under the circumstances of this case. (Doc. 43 at 26-27; Doc. 47 at 29.) Consequently, the Court granted Defendants' summary judgment motion and dismissed this case. (Doc. 47 at 31.)

Defendants Thompson, Moog, Hill, Smith, and McGuyer now move for an order awarding them the attorney's fees they incurred in defending against of Myers' claims. Although Myers filed a brief in response to Defendants' motion for attorney's fees, he did not present arguments as to the factual and legal merits of Defendants' request for fees. Instead, Myers' response brief consists of 25 pages of arguments challenging the factual and legal merits of Defendants' summary judgment motion which the Court has already resolved.

## II. Discussion

Myers' claims alleging Defendants conspired and retaliated against him in violation of his civil rights were cognizable under 42 U.S.C. § 1983. And federal law provides that in an action under section 1983 "the court, in its discretion, may allow the prevailing party […] a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b).

Section 1988 authorizes the courts to grant an award of reasonable attorney's fees to a prevailing defendant. *Fox v. Vice*, 563 U.S. 826, 833 (2011). In that regard, the intent of the statute is "to protect defendants from burdensome litigation having no legal or factual basis." *Id*. (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)). For a defendant to obtain an award of attorneys' fees, the court must find "that the plaintiff's action was frivolous, unreasonable, or without foundation." *Id*. (quoting *Christiansburg*, at 421). Thus, section 1988 "serves to relieve a defendant of expenses attributable to" those aspects of a plaintiff's case that meet the standard for an award of fees. *Id*. at 834. To the extent the standard for an award of fees is met, the plaintiff is deemed to have acted wrongly in asserting such claims and the plaintiff should bear the burden of the reasonable costs that the claims imposed upon the defendant. *Id*.

Here, Defendants successfully obtained the dismissal of all of Myers' claims against them. Thus, they qualify as "prevailing parties" having achieved a favorable result in this litigation in all aspects of the case against them.

And for the reasons stated, Myers' lawsuit constituted burdensome litigation that was without foundation. The proceedings in this case demonstrate that Myers' claims lacked both a factual and legal basis. As noted, the Court concluded Myers' retaliation claims were barred by the doctrine of collateral estoppel because the Montana Supreme Court had already determined that Myers' conduct did not enjoy First Amendment protection. (Doc. 47 at 27.) Claims in an action that are barred by collateral estoppel qualify as "burdensome litigation" that is prosecuted without foundation, and warrant the imposition of an award of attorney's fees under the standards governing 42 U.S.C. § 1988. *Grove v. Helena Parking Commission*, 2011 WL 2790205, *5 (D. Mont. 2011). Therefore, the Court concludes Myers' retaliation claims were advanced without foundation, and now subject Myers to the imposition of attorney's fees.

Myers' conspiracy claims were similarly without foundation. As noted, Myers did not present any evidentiary material in response to Defendants' summary judgment motion to raise a genuine issue of material fact suggesting a conspiracy existed, or that Defendants were liable for a conspiracy. And the Court further concluded Moog, McGuyer and Smith enjoyed immunity from liability on

Myers' conspiracy claims. Because Myers was a licensed attorney, he should have known that those Defendants were immune from liability and, therefore, Myers' conspiracy claims were unreasonable and support the imposition of attorney's fees against him. *Franceschi v. Schwartz*, 57 F.3d 828, 832 (9th Cir. 1995) (concluding an attorney plaintiff should have known an immunity doctrine would apply to bar his claims for relief, thus subjecting the plaintiff to the imposition of fees). Based on the legal proceedings in this case, Myers' conspiracy claims were indisputably without factual or legal basis and, therefore, constitute burdensome litigation that is without foundation. Consequently, Myers is subject to the imposition of attorney's fees for his conduct in pursuing the conspiracy claims.

A litigant applying for an award of fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). And the district court has discretion in determining the appropriate amount of the fee award, bearing in mind "the relationship between the amount of the fee awarded and the results obtained." *Id*.

A reasonable amount of an attorney's fee award is calculated in a two-step process. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1989). The courts first multiply the number of hours reasonably expended by the prevailing party's attorney by a reasonable hourly rate. *Id*. Then the court may

increase or reduce the reasonable lodestar fee amount after considering various designated factors that are not included in the hourly lodestar calculation. *Id*.

An attorney's time and fees must be adequately documented so the court can assess whether time spent may have been excessive, redundant or unnecessary. *Cunningham*, at 484. And the court must provide at least a brief explanation of its fee calculation. *Id*.

Defendants submitted an affidavit from their counsel, Andres Haladay, in support of the attorney's fees Defendants incurred. His affidavit describes his years of experience in litigation under 42 U.S.C. § 1983 involving governmental officials.

Haladay states his, and another associate attorney's hourly rate is $175 per hour, and his paralegal's hourly rate is $125. Haladay further states the total number of hours expended by the two attorneys and the paralegal in defense of this civil action was 105.95 hours. At those various hourly rates, the total amount of attorneys' and paralegal's fees is $16,829.75. (Doc. 52-1 at 7.)

As noted, Myers did not respond to the merits of Defendants' motion for an award of attorney's fees. Thus, he did not present any arguments challenging the reasonableness of either the number of hours expended, or the hourly rates charged.

The Court is experienced and familiar with the prevailing market rate for attorneys in the local community, and finds that Haladay's hourly rates identified in his affidavit are at, or below the prevailing market rate for an attorney's services. Thus, the rates are reasonable under the circumstances of this action.

Haladay submitted documentation of his time sheets which provide some detail describing the work he performed in this case. (Doc. 52-1 at 4-7.) Having reviewed that documentation, the Court finds that the number hours reported by Haladay as expended by the two attorneys and the paralegal in this case is reasonable. Given the extensive history of Myers' conduct as an attorney relative to the claims in this case, his rounds of accusations against Judge Langton, the multiple proceedings with the Office of Disciplinary Counsel before the Montana Commission on Practice, and appeals to the Montana Supreme Court, a relatively extensive amount of time spent on factual investigation and development by the attorneys, as well as their legal research and writing, is reasonable.

Additionally, Haladay states in his affidavit that he removed time entries from his billing relative to matters he deemed could not be compensated in an award of attorney's fees under 42 U.S.C. § 1988. (Doc. 52-1 at 3.) For example, Defendants unsuccessfully argued in their summary judgment motion that Myers' claims in this action were barred under the *Rooker-Feldman* doctrine, and Haladay's documentation of his hours reflects that he reduced to zero the number

of hours reported as time spent addressing the *Rooker-Feldman* issues. (*See* Doc. 52-1 at 1-2.)

Based on the foregoing, the Court finds that the total of 105.95 hours spent in this case is reasonable in this matter, and the resulting total fees, at the referenced hourly rates, in the amount of $16,829.75 is reasonable.

Once the lodestar figure is calculated, the courts may also consider additional factors in assessing the reasonableness of the lodestar fee award to the extent the various factors are not already taken into account in the lodestar calculation. Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Gonzales v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013) (citations omitted). But to the extent any of these factors are subsumed in the court's lodestar analysis, then the factors should not again be considered after the lodestar amount is calculated. *Id.* And of the 12 identified factors, the courts presume that the following factors are already subsumed in the lodestar formula: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the

quality of representation, (4) the results obtained, and (5) the contingent nature of the fee agreement. *Id*.

Here, neither party argues for either an increase or a reduction to the lodestar calculation based on the additional factors. And the Court has considered all the additional factors and finds there exists no additional information contained in the record of this case that speaks to any of the relevant factors that are not already subsumed in the lodestar calculation. Therefore, the Court finds no basis for increasing or decreasing the lodestar amount.

### **III. Conclusion**

Based on the forgoing, IT IS HEREEBY ORDERED that Defendants Thompson, Moog, Hill, McGuyer and Smith's motion for an award of their attorney's fees is GRANTED, and Myers shall pay those attorney's fees to Defendants in the amount of $16,829.75.

Dated this 26th day of March, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge