IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| ROBERT MYERS,<br><br>Plaintiff,<br><br>vs.<br><br>SHAUN R. THOMPSON (in his personal capacity), JON G. MOOG (in his personal capacity), MITCHELL D. HILL (in his personal capacity), JEFFREY H. LANGTON, HEATHER L. McGUYER (a/k/a Heather L. Portner and Heather Warila Portner), AMY SCOTT SMITH, and DOES 1–10,<br><br>Defendants. | CV 17–157–M–DLC–JCL<br><br>ORDER |

Before the Court is the Motion for a Security (Doc. 71) filed by Defendants Shaun R. Thompson, Jon G. Moog, Michell D. Hill, Heather L. McGuyer, and Amy Scott Smith. Defendants request that the Court order Plaintiff Robert Myers to provide a security of at least $7,000 to ensure payment of costs on appeal pursuant to Federal Rule of Appellate Procedure 7. Myers filed an untimely response to Defendants' request wherein he made his own request for a stay of enforcement of judgment in this Court. (Doc. 73 at 4.) For the following reasons, the Court will grant Defendants' Motion and Deny Myers' request.

-1-

Pursuant to Federal Rule of Appellate Procedure 7, "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." The Ninth Circuit has determined that "costs on appeal" may include appellate attorney's fees when the applicable "fee-shifting statute" includes them as recoverable costs. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007). Here, 42 U.S.C. § 1988(b) applies and provides that reasonable attorney's fees are recoverable "as part of the costs." Nonetheless, neither Rule 7 nor the Ninth Circuit provide clear guidance as to when the Court should require a bond.

The Ninth Circuit has indicated that due process concerns warrant a consideration of the appellant's ability to post a bond. *See Azizian*, 499 F.3d at 961 (Requiring a bond for anticipated attorney's fees could be improper where "other factors, such as financial hardship, indicate that the bond would unduly burden a party's right to appeal."). Beyond that, Courts within the Ninth Circuit have looked to the following factors: (1) the merits of the appeal; (2) the risk that the appellant would not pay costs in the event the appeal loses; and (3) the appellant's financial ability to post a bond. *See, e.g., Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1271 (W.D. Wash. 2013); *Nam Soon Jeon v. 445 Seaside, Inc.*, 2014 WL 769774, at *1 (D. Haw. Feb. 24, 2014); *Swenson v. Bushman Inv.*

*Properties, Ltd.*, 2013 WL 6491105, at *1 (D. Idaho Dec. 9, 2013); *Embry v. ACER America Corp.*, 2012 WL 2055030, at *1 (N.D. Cal. June 5, 2012). Absent objection, the Court applies these three factors here.

First, the Court addresses the merits of the appeal. Despite Myers' repeated arguments to the contrary, the Court has consistently found the underlying merits of this case to be without factual or legal basis. Lacking a factual and legal foundation, the Court finds Myers' appeal also lacking in merit. Second, as to the risk that Myers' will not pay costs of appeal, the Court notes that Myers has relocated to Oklahoma, a location outside of the District of Montana and outside of the Ninth Circuit. Courts within the Ninth Circuit have recognized the "difficulty and risk associated with collecting costs from out-of-state appellants." *Gonzales v. City of Antioch*, 2016 WL 631992, at *2 (N.D. Cal. Feb. 17, 2016); *see also Nam Soon Jeon*, 2014 WL 769774, at *2; *Dennings*, 928 F. Supp. 2d at 1271–72. Additionally, the Court finds Myers' failure to pay awards in this case to-date to indicate an increased risk of non-payment. Myers has made no attempt to pay the judgment ordered in this case and has not obtained a stay of the judgment by posting a supersedeas bond as would be required by Federal Rule of Civil Procedure 62(b). Instead, Myers has been unresponsive to Defendants' requests to discuss payment. Lastly, there is no indication that Myers is incapable of posting a

bond. The burden to show an inability to post a bond falls on Myers himself. *See Swenson*, 2013 WL 6491105, at *2; *Nam Soon Jeon*, 2014 WL 769774, at *2; *Embry*, 2012 WL 2055030, at *1. Myers' response does not address this issue in any way. The Court finds all three factors support a bond in this case.

Having found a bond warranted here, the Court turns to a consideration of an appropriate bond amount. Defendants request $7,000. Defendants assert that this amount is "likely an under-estimation of [their] costs on appeal, given that Myers is likely to file more objections and appellate documents once this Court requires him to provide a security." (Doc. 72 at 5–6.) Defendants further assert that the $7,000 request reflects 40 hours of work at a rate previously approved by this Court. (*Id.* at 5.) Myers did not address these assertions. Based on previous experiences with Myers, the Court fully agrees with Defendants that 40 hours of labor is a likely under-estimation. Consequently, if the Court were to make any adjustments to the amount requested, it would be to increase it. Nonetheless, because it is the amount requested and it is based on a reasonable fee amount, the Court will require security in the amount of $7,000.

Before concluding, the Court must address Myers' "motion to stay." (Doc. 73 at 4.) Myers concluded his response to Defendants' Motion with the following: "[f]or the foregoing reasons this court should stay its judgment of attorney fees

-4-

pending appeal. (See Doc. 70 notice of appeal) To deny the motion to stay is a continuation of a knowing injustice by the court on the Plaintiff." (Doc. 73 at 4.) Despite Myers' claim, Myers has not made such a motion. First, Myers did not provide "foregoing reasons" for the Court to stay its judgment. Myers did not make any reference to controlling authority or peripherally attach his arguments to the notion that he was requesting a stay of the judgment. Instead, Myers response to Defendants' Motion merely rehashes his perception of the merits of his case. The reasons Myers believes this Court got his case wrong are proper material for an appellate brief but do not require this Court to stay its judgment. As mentioned above, Federal Rule of Civil Procedure 62(b) requires Myers to provide a supersedeas bond to be approved by the Court before a stay will issue. Second, Myers filed neither a motion nor a brief in support of a stay. He filed a response. As Myers has been told before, he is required to comply with this Court's Local Rules.

Although Defendants indicate that they do not oppose a stay of the enforcement of judgment, the Court will not do so before the legal prerequisites have been met—a motion requesting a stay with supporting authority and the provision of a bond by Myers. Until such time as Myers complies with these prerequisites, the $16,829.75 award remains valid and enforceable. Accordingly,

IT IS ORDERED that Defendants' Motion (Doc. 71) is GRANTED and Myers is HEREBY ORDERED to either: (1) post a bond of $7,000 by July 11, 2019, or (2) file a notice of dismissal of his appeal.

IT IS FURTHER ORDERED that Myers' response (Doc. 73), liberally construed as a motion for a stay of judgment pending appeal, is DENIED.

DATED this 27th day of June, 2019.

Dana L. Christensen, Chief Judge
United States District Court